# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-2788-GW(JPRx) | Date | June 18, 2018 |
| Title | *City of Los Angeles v. L.A. Terminals, Inc., et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Christopher B. Bobo | Richard G. Montevideo |
| | Gary A. Meyer |
| | Pedram F. Mazgani |
| | Stephen Thomas |

**PROCEEDINGS:** **PLAINTIFF'S MOTION TO REMAND TO STATE COURT PURSUANT TO 28 U.S.C. §1447 [29];**

**DEFENDANT OCCIDENTAL CHEMICAL CORPORATION MOTION TO REMAND [30]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would grant the Motions to Remand.

: 11

Initials of Preparer JG

<u>City of Los Angeles v. L.A. Terminals, Inc. et al.</u>; Case No. 2:18-cv-02788-GW-(JPRx)
Tentative Rulings on: (1) Plaintiff's Motion to Remand, and (2) Defendant Occidental Chemical Corporation's Motion to Remand

**I. Background**

Plaintiff City of Los Angeles brought this lawsuit in the Superior Court of California, County of Los Angeles, alleging thirteen causes of action[1] against Defendants: 1) L.A. Terminals Inc.; 2) Hooker Chemical Corporation ("Hooker"); 3) Occidental Chemical Corporation ("Occidental"); 4) Ash-Cross Evans Corporation; and 5) Doe defendants. *See generally* First Amended Complaint ("FAC"), Docket No. 1-1. L.A. Terminals was served on March 6, 2018. *See generally* Proof of Service, Docket No. 1-2. On April 4, 2018, L.A. Terminals timely removed the lawsuit to this Court. *See generally* Notice of Removal ("NOR"), Docket No. 1. L.A. Terminals invoked the Court's federal question jurisdiction, stating that "removal is based on federal question, pursuant to 28 U.S.C. §§ 1331, 1441(c) and 1446, on the grounds that the federal courts have exclusive jurisdiction over several of the Defendant's claims for relief set forth in its Counter-Claim against Plaintiff and its Cross-Complaint against Defendant Occidental Chemical Company." *Id.* at 2. L.A. Terminals explained that "[i]n particular, in response to Plaintiff's FAC, Defendant [L.A. Terminals] has brought certain claims as a Counter-Claimant and a Cross-Complainant that are premised under the Comprehensive Environmental Response, Compensation and Liability Act ('CERCLA')." *Id.* at 3. L.A. Terminals stated that the NOR would be served on counsel for Occidental,[2] as well as counsel for Plaintiff, and filed with the Clerk of the Superior Court. *See id.* at 4. L.A. Terminals did not, however, obtain the consent of Occidental prior to removal.

The FAC alleges that beginning on or about January 1, 1949, Plaintiff granted Defendants "various permits for the construction, operation, and maintenance of a marine terminal and chemical storage and handling facility" in Wilmington, California ("the site"). *Id.*

---

[1] Plaintiff asserts causes of action for: negligence; private nuisance; public nuisance; contribution; declaratory relief; contribution pursuant to the Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), Cal. Health & Saf. Code §§ 25300, *et seq.*; declaratory relief pursuant to the HSAA; indemnity or contribution pursuant to the Porter-Cologne Act, Cal. Water Code §§ 13000, *et seq.*; declaratory relief pursuant to the Porter-Cologne Act; negligence per se; trespass; contractual indemnity; and breach of contract. *See generally* FAC.

[2] While Plaintiff's FAC names both Occidental and Hooker as defendants, the two are a single entity - Occidental was formerly known as Hooker. *See* Motion to Remand ("Occidental's Motion"), Docket No. 30, at 3, n.1.

¶ 11. Hooker occupied the site from 1947 until 1978, Ash-Cross Evans occupied the site from 1978 until 1981, and L.A. Terminals has thereafter occupied the site. *Id.* ¶¶ 12, 16. Defendants "provided, handled and stored a variety of toxic and hazardous chemicals" at the site. *Id.* ¶ 17. During the course of Defendants' operations, hazardous materials "leaked from storage tanks, pipes, spilled or were disposed of on the ground, into the soil and seeped into the groundwater." *Id.* ¶ 18. The permits granted by Plaintiff require Defendants to "relieve, indemnify, protect, and hold harmless" Plaintiff from all claims of property damage as a result of dangerous, hazardous, unsafe, or defective conditions at Defendants' facilities on the site. *Id.* ¶ 20. Plaintiff investigated the soil, sediments, and groundwater at the site and discovered pollutants, and asserts that Defendants are responsible for the pollutants' presence. *Id.* ¶ 22. Each of Plaintiff's thirteen causes of action are alleged against all Defendants and Plaintiff seeks recovery of "the costs of the investigation, monitoring, and remediation" of the site from all Defendants. *Id.* at 25.

After removing, L.A. Terminals filed an Answer to Plaintiff's FAC (Docket No. 3), a Counter-Claim against Plaintiff (Docket No. 4), a Cross-Claim against Occidental (Docket No. 5), and a Third Party Complaint against Third Party Defendant Phillips 66 Co. (Docket No. 6). Plaintiff moved to remand the lawsuit back to the Superior Court. *See generally* Motion to Remand ("Plaintiff's Motion"), Docket No. 29. Occidental joins in Plaintiff's Motion. *See generally* Docket No. 31. Occidental also separately moves to remand. *See generally* Occidental's Motion. Plaintiff joins in Occidental's Motion. *See generally* Docket No. 34. L.A. Terminals opposes both motions in a single opposition. *See generally* Opposition to Motions to Remand ("Opp'n"), Docket No. 43.[3]

## II. Legal Standard

"Federal courts are courts of limited jurisdiction," and have subject matter jurisdiction only to the extent "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon

---

[3] Additionally, Phillips 66 contends that "there will always be a cloud of uncertainty with respect to subject matter jurisdiction" because of the manner in which this lawsuit was brought before the Court. *See* Joint Rule 26(f) Report, Docket No. 49, at 7. As such, Phillips 66 argues that the action "should be remanded to state court and, if [L.A. Terminals] so desires, it should file a new action . . . ." *Id.*

the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)).

28 U.S.C. § 1441 permits defendants to remove certain civil actions brought in a state court to federal district courts. The removal statute is strictly construed against removal jurisdiction, however, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). But still, "[g]enerally, [a] defendant has the right to invoke federal removal jurisdiction if the case *could* have been filed originally in federal court (i.e. on diversity or federal question grounds)." O'Connell & Stevenson, *Rutter Group Prac. Guide: Fed. Civ. Proc. Before Trial* ("*Federal Practice Guide*") § 2:2192 (2017) (emphasis in original); *see also Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

The removal statute imposes certain procedural requirements. *See* 28 U.S.C. § 1446(b)-(d). A removing party's failure to comply with those procedural requirements can result in remand. *See Gray v. Moore Bus. Forms, Inc.*, 711 F. Supp. 543, 544 (N.D. Cal. 1989) (holding that an action can be remanded to state court for two reasons: (1) lack of subject matter jurisdiction; and (2) procedural defects in the removal process.). The procedural requirements include that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) ("[A] proper removal notice must be filed within 30 days of service of the plaintiff's complaint."). Additionally, when a case is removed to federal court, "all defendants who have been properly joined and served must join in or consent to the removal action." 28 U.S.C. § 1446(b)(2)(A).

As noted above, generally a "defendant has the right to invoke federal removal jurisdiction if the case *could* have been filed originally in federal court." *Federal Practice Guide* § 2:2192 (emphasis in original). Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether or not an action arises under the Constitution, laws, or treaties of the United States "must be determined from what necessarily appears in the plaintiff's statement of his own claim."

*Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002); *see also, Taylor v. Anderson*, 234 U.S. 74, 75 (1914).

## III. Discussion

As a preliminary matter, the Court would note that the NOR's statement of jurisdiction is deficient on its face. L.A. Terminals asserted federal question jurisdiction based "on the grounds that the federal courts have exclusive jurisdiction over several of the *Defendant's* claims for relief set forth in its Counter-Claim against Plaintiff and its Cross-Complaint against Defendant Occidental Chemical Company." NOR at 2 (emphasis added). "It is not enough for removal purposes that a federal question may arise during the course of the litigation in connection with some defense or counterclaim: 'For better or worse . . . a defendant may not remove a case to federal court unless *the plaintiff's* complaint establishes that the case "arises under" federal law.'" *Federal Practice Guide* § 2:2511 (citing *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Tr. for Southern California*, 463 U.S. 1, 10 (1983) (emphasis in original)). Thus, L.A. Terminals may not bootstrap this lawsuit into federal court using claims it asserts against Plaintiff or any other party.

Perhaps recognizing as much, the thrust of L.A. Terminals' argument in opposition to these motions is that Plaintiff's claims, not L.A. Terminals', are "necessarily federal." *See generally* Opp'n at 6-12. L.A. Terminals argues that Plaintiff's state law causes of action are a disguised challenge to L.A. Terminals' proposed CERCLA cleanup of the site and thus "the central issue in this case concerns whether [L.A. Terminals'] proposed cleanup plan, *i.e.* its Revised [Remedial Action Plan], is appropriate, or whether some other plan the [Plaintiff] is proposing, which the [Plaintiff] claims will cost at least $48,000,000, is appropriate, and which party or parties are obligated to pay for the cleanup." *Id.* at 7.

Whether or not an action arises under federal law ordinarily "must be determined from what necessarily appears in the plaintiff's statement of his own claim." *Holmes Grp.*, 535 U.S. at 830. "The 'well pleaded' complaint rule makes plaintiff the 'master of the claim' for purposes of removal jurisdiction. This means that, absent diversity, a case is removable only where a federal question is presented on the face of plaintiff's complaint: '[T]he party who brings the suit is master to decide what law he will rely upon.'" *Federal Practice Guide* § 2:2295 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). This general rule is subject to a limitation: *i.e.* a plaintiff cannot defeat removal of a federal claim by disguising or "artfully

pleading" it as a state claim. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). "The doctrine [is invoked] only in exceptional circumstances, because doing so raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Redwood Theatres, Inc. v. Festival Enter., Inc.*, 908 F.2d 477, 479 (9th Cir. 1990) (internal quotation marks and citations omitted). Accordingly, it will not apply where a plaintiff has a viable state law claim, as well as a federal claim, and simply chooses to sue on the state claim. *See Federal Practice Guide* § 2:2567; *see also Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). A state-created cause of action can be deemed to arise under federal law pursuant to the artful pleading doctrine: (1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question. *See ARCO Envtl. Remediation, LLC v. Dept. of Health and Envtl. Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000).

CERCLA falls within the exclusive jurisdiction of the federal courts. 42 U.S.C. § 9613. However, "CERCLA does not completely occupy the field of environmental regulation. Congress expressly declared that it had no intent to do so." *ARCO Envtl. Remediation*, 213 F.3d at 1114. As such, the first application of the artful pleading doctrine (*i.e.* preemption) is of no avail to L.A. Terminals. *See id.* The final application is also inapplicable as L.A. Terminals does not argue that Plaintiff's right to relief under state common law and statutory causes of action depends on the resolution of a substantial, disputed federal question. *See id.* L.A. Terminals thus relies on the remaining application of the artful pleading doctrine – that Plaintiff's FAC contains claims that are "necessarily federal in character."

> [C]laims are necessarily federal claims under [CERCLA] § 113(b) only if they constitute a "challenge to a CERCLA cleanup." An action constitutes a challenge to a CERCLA cleanup "if it is related to the goals of the cleanup." *Razore v. Tulalip Tribes of Washington*, 66 F.3d 236, 239 (9th Cir. 1995). We have found actions to challenge CERCLA cleanups where the plaintiff seeks to dictate specific remedial actions, *see Hanford Downwinders Coalition, Inc. v. Dowdle*, 71 F.3d 1469, 1482 (9th Cir. 1995); to postpone the cleanup, *see Fort Ord Toxics Project v. California Envtl. Protection Agency*, 189 F.3d 828, 831 (9th Cir. 1999); to impose additional reporting requirements on the cleanup, *see McClellan Ecological Seepage Situation v. Perry*, 47 F.3d 325, 330 (9th Cir. 1995); or to terminate the [Remedial Investigation/Feasibility Study] and alter the method and order of cleanup, *see Razore*, 66 F.3d at 239. However, we have also

5

> recognized that "Congress did not want § 113(h) to serve as a shield against litigation that is unrelated to disputes over environmental standards. *Fort Ord*, 189 F.3d at 831.

*ARCO Envtl. Remediation*, 213 F.3d at 1108.

L.A. Terminals is not the first defendant to remove a lawsuit from a California court on the basis that a complaint artfully pleads around CERCLA since the Ninth Circuit's decision in *ARCO Envtl. Remediation*. In *Barton v. Meddock*, a district court considered the propriety of the removal of a complaint alleging only state law claims for damages caused by the defendants' alleged disposal of hazardous materials. *See* Case No. 11-cv-3349-GEB, 2012 WL 394548, at *1 (E.D. Cal. Feb. 6, 2012). The removing defendants "argue[d] in their notice of removal that plaintiffs' state law claims constitute a challenge to a CERCLA cleanup, because the allegations relate to the goals of the cleanup." *Id.* (internal quotation marks and citation omitted). The district court considered the Ninth Circuit's guidance on the application of the artful pleading doctrine to claims that arguably implicate CERCLA and ultimately concluded that the court lacked subject matter jurisdiction over the removed complaint. *Id.* at 2. The district court found that plaintiffs' state law causes of action were not private enforcement of CERLCA "since CERCLA claims do not appear on the face of plaintiffs' complaint." *See id.* Additionally, the court found that the evidence before it did not establish that the Environmental Protection Agency ("EPA") had exercised any of its authority under CERCLA, thus there had been no public enforcement of the statute either. *See id.* The court concluded that absent some measure private or public enforcement of CERCLA, "it has not been shown that plaintiffs' state law 'claims are necessarily federal claims under [CERCLA]' and remand of the case was thus required." *Id.* (quoting *ARCO Envtl. Remediation*, 213 F.3d at 1115).

In *California Water Serv. Co. v. Dow Chem. Co.*, the plaintiff, a public utility water corporation, brought suit in a California court alleging eight state law causes of action. *See* Case No. 08-cv-3267-SI, 2008 WL 4851234, at * 1 (N.D. Cal. Oct. 30, 2008). Plaintiff there sought indemnity from defendants related to a separate CERCLA lawsuit the plaintiff settled with the California Department of Toxic Substance Control ("DTSC"). *Id.* at *1, n.1. The removing defendants had not been named in the settled lawsuit and, therefore, were not parties to the settlement. *Id.* at *1. Nonetheless, in removing the case the defendants argued that the plaintiff's cause of action for equitable indemnity "actually allege[d] a claim for cost recovery or contribution under CERCLA." *Id.* Citing *ARCO Envtl. Remediation*, the district court began its

analysis by noting that "[i]t is well-established that CERCLA does not completely preempt state law claims." *Id.* at *2. The district court then reviewed cases that found state law claims preempted or precluded by CERCLA and found that common to all was a finding that the defendant was a potentially responsible party ("PRP"). *Id.* at *4 ("Defendants argue that because plaintiff settled the CERCLA action with the DTSC, plaintiff is a liable party under CERCLA. While that is correct, the Court finds that it is *defendants'* status, not *plaintiff's*, that is relevant for purposes of analyzing the nature of plaintiff's equitable indemnity claim. Here, defendants were not parties to the DTSC CERCLA action, and have never been alleged to be PRPs under CERCLA."). The district court found that "[i]n light of the general principle that CERCLA does not completely preempt state law, and in the absence of any cases holding that a plaintiff may not pursue an equitable indemnification claim under state law against defendants who are not alleged to be PRPs under CERCLA, the Court holds that plaintiff's eighth cause of action [for equitable indemnity] arises under state law, not CERCLA." *Id.* Finding no federal question jurisdiction, the court remanded the case on that basis and did not consider plaintiff's separate argument that the removing defendants failed to obtain the consent of all their codefendants. *Id.*

Here, like *Barton*, the Court has no information before it to suggest that there has been any private or public enforcement of CERCLA. CERCLA claims do not appear on the face of Plaintiff's complaint and thus there has been no private enforcement in this lawsuit. Moreover, while L.A. Terminals has provided documents confirming more than twenty years of negotiations it has had with the Plaintiff regarding remediation of the site, the Court has not been presented with any information to suggest that the EPA has exercised its authority to publicly enforce CERCLA. *See generally* Declaration of Richard Montevideo, Docket No. 45. Additionally, like *California Water Serv.*, there are no allegations here that L.A. Terminals, or any other party for that matter, was identified as − and alleged to be − a PRP in accordance with CERCLA. *See* L.A. Terminal's Counter-Claim against Plaintiff ¶ 60 ("LAT has expended significant fees and costs in researching and analyzing historical operations and the potentially responsible parties . . . ."); *see also* L.A. Terminal's Cross-Claim against Occidental ¶ 56 (same); L.A. Terminal's Third Party Complaint against Third Party Defendant Phillips 66 Co. ¶ 30 (same). For those reasons, this Court, like the others in California that have considered the issue, would find that Plaintiff's state law claims are not necessarily federal in character. As such, the Court does not have subject matter jurisdiction and this case must be remanded. *See* 42 U.S.C. §

1447(c).

L.A. Terminals relies heavily on *Lehman Bros. Inc. v. City of Lodi* in support of its argument against remand and the Court will briefly address, and distinguish, that case. There, the city of Lodi entered into an investment contract with Lehman Brothers to fund its environmental remediation efforts. 333 F. Supp. 2d 895, 898-99 (E.D. Cal. 2004). The terms of the investment contract prioritized payments in a manner that was disallowed by CERCLA. *See id.* at 899, 903. Once it became clear to the city that it would not be able to escape CERCLA's prioritization of payments through use of the investment contract, the city sought a judicial declaration that it had no obligation to repay Lehman Brothers under the investment contract. *Id.* at 899. Lehman Brothers, in turn, brought seven state-law contract-related causes of action against the city, which the city removed to federal district court. *Id.* There, unlike here, there had been private enforcement of CERCLA, including by the city. *See id.* at 903. Specifically, a related lawsuit "involved counterclaims, cross-claims, and third and fourth-party claims for cost recovery and contribution under CERCLA." *Id.* In fact, the city included CERCLA contribution claims in an amended complaint it filed in that related lawsuit. *Id.* "Thus, it [was] in the context of years of delay in the cleanup of the Lodi site, *despite pending CERCLA claims*, that [the] court properly consider[ed], under Section 113(b), both the Investment Contract and Lehman's complaint." *Id.* at 904 (emphasis added). The Court would find that the *City of Lodi p*case is distinguishable as there, unlike here and unlike *Barton*, there has been private enforcement of CERCLA. *See id.*

Because the Court finds that it substantively lacks jurisdiction, it will only briefly address L.A. Terminals' argument that it was not required to obtain the consent of all served defendants, namely Occidental, prior to removal. When a case is removed to federal court, "all defendants who have been properly joined and served must join in or consent to the removal action." 28 U.S.C. § 1446(b)(2)(A). L.A. Terminals argues that provision is inapplicable here because Plaintiff's claims are "separate and independent" and L.A. Terminals seeks to remove only those claims for which the Court has subject matter jurisdiction. *See* MTR Opp'n at 20 (citing *Hatcher v. City of Porterville*, Case No. 11-cv-2015-AWI, 2012 WL 439424, at *6 (E.D. Cal. Feb. 9, 2012)). In *Hatcher*, the removing defendant argued that "federal claims are *necessarily* separate and independent from the state-law claims against [non-consenting co-defendants]." *Id.* (emphasis in original). The district court remanded after expressly "declin[ing] to adopt the

'refined exception' to the rule of unanimity that the [removing defendants present[ed]."). *Id.* The court found instead that "[a] claim will be considered 'separate and independent' from other claims if it involves an actionable wrong separate from the other claims and if complete relief may be afforded as to it without reference to the other claims and without the presence of the parties to the other claims." *Id.* at 7 (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 13-14 (1951)). Here, Plaintiff has alleged thirteen causes of action against all Defendants. *See generally* FAC. Contrary to L.A. Terminals' suggestion, these claims are not separate and distinct by virtue of the fact that Plaintiff alleges environmental harm stemming from "different operations by different entities, at different periods of time, and even different permit/lease terms, and thus different alleged breaches of contract." MTR Opp'n at 21. Plaintiff's allegations "arise from the same case or controversy" and thus cannot be considered separate and independent and exempt from the rule of unanimity. *See Finn*, 341 U.S. at 14 ("[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."). The Court would remand the case on this basis as well.

Finally, Occidental seeks as part of the Court's remand order that the Court dismiss the CERCLA claims L.A. Terminals raises in its Cross-Complaint. *See* Occidental Reply in Support of Occidental Motion to Remand, Docket No. 46, at 13. While the Court notes that those claims have no viability in a California court given that federal courts have exclusive federal jurisdiction over CERCLA claims pursuant to 42 U.S.C. § 9613, the Court lacks jurisdiction over this case and thus cannot dismiss a cause of action. *Cf. Special Inv., Inc. v. Aero Air, Inc.*, 360 F.3d 989, 995 (9th Cir. 2004) ("There is no conceivable basis, once it was determined that the case should be remanded for lack of subject matter jurisdiction, for leaving in place the earlier dismissal ….").

## IV. Conclusion

Based on the foregoing discussion, the Court would grant the motions to remand.